CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 3 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAMSIDDIN MUHAMMAD-ABDULLAH, Petitioner, | Civil Action No. 7:08-cv-00316 |
| v. | MEMORANDUM OPINION |
| UNNAMED CUSTODIAN, Respondent. | By: Hon. James C. Turk Senior United States District Judge |

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement under a judgment entered against him in February 2008 in the Circuit Court for the City of Charlottesville, convicting him on charges of obtaining money by false pretenses, grand larceny, breaking and entering, forging and uttering, and petit larceny, and sentencing him to ninety years imprisonment. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654. A non-death row felon in

Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals. See Va. Code §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code §8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not presented his claims to the Supreme Court of Virginia as required. Petitioner states that his direct appeal is still pending before the Court of Appeals of Virginia. From any adverse decision that the court of appeals may enter against petitioner, he then has an available state court remedy in the form of a further direct appeal to the Supreme Court of Virginia. Moreover, as explained, if he is dissatisfied with the results from his direct appeals in the state courts, he can then pursue certain types of claims (such as ineffective assistance of counsel claims) in state habeas proceedings-- in the circuit court with a subsequent appeal to the Supreme Court of Virginia or filed directly in the Supreme Court of Virginia. In any event, because petitioner sill has available state court remedies, he has not yet satisfied the exhaustion requirement under § 2254(b) as he must before filing a § 2254 petition in this court. Petitioner's failure to exhaust his state remedies mandates summary dismissal of his petition by this court. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send a copy of this memorandum opinion and final order to petitioner.

ENTER: This 13th day of May, 2008.

/s/ James C. Turk
Senior United States District Judge